1   JANE DOE

2   11151 Valley Blvd #4886,

3   El Monte, CA 91734

4   626-208-9665

5   Plaintiff in Pro Se

FILED

APR - 9 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

JD

10

11   JANE DOE,                              NCV20        2432

12          Plaintiff,

13      v.                                  **PLAINTIFF'S REQUEST FOR
                                            PROTECTIVE ORDER AND TO
14   CITY OF CONCORD; COUNTY OF             PROCEED UNDER A PSEUDONYM**
     CONTRA COSTA; COUNTY OF
15   SONOMA; GUY SWANGER; TAMRA
     ROBERTS; CODY HARRISON;
16   RENELLE-REY VALEROS; DIANA
     BECTON; CHRISTOPHER WALPOLE;
17   COLLEEN GLEASON; JILL RAVITCH;
     ANNE MASTERSON; LAURA
18   PASSAGLIA; and DOES 1 - 10, inclusive,

19          Defendants.

20

21       Plaintiff JANE DOE ("Plaintiff") respectfully moves this Court to allow her to proceed

22   under a pseudonym and to enter a protective order preventing the public disclosure of her identity

23   by Defendants in order to protect her privacy and safety.

24

25                       **FACTUAL BACKGROUND**

26       On  3 / 31 , 2020 Plaintiff filed her complaint against Defendants. In that complaint

27   Plaintiff describes the serious harm she suffered as a result of discriminatory under-policing,

28   including injury she received as a rape victim. Plaintiff filed her complaint under a pseudonym in

1

1    order to protect her privacy, and prevent further harm.

2         Considering the undesirability of an outcome adverse to the pseudonymous party and

3    attributable to the party's refusal to pursue the case at the price of being publicly identified,

4    Courts generally allow a plaintiff to litigate under a pseudonym in cases filed by sexual assault

5    victims because they concern highly sensitive and personal subjects. See De Amigos, No. 11-cv-

6    1755, slip op. at 2 (citing cases); see also Doe v. Blue Cross & Blue Shield United of Wis., 112

7    F.3d 869, 872 (7th Cir.1997) (" [Factitious names are allowed when necessary to protect the

8    privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); E.E.O.C. v.

9    Spoa, LLC, No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that

10   "sexual assault" is a "highly sensitive and personal matter"); Roe v. St. Louis Univ., No. 08-cv-

11   1474-JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because

12   rape is a "personal matter of the utmost intimacy") and the use of "Doe plaintiffs" to protect

13   legitimate privacy rights has been recognized as an appropriate practice in circumstances when a

14   plaintiff would be further stigmatized by disclosing his or her name in court documents. The

15   "Doe plaintiff" practice may be particularly appropriate where the facts of the case are of a sexual

16   nature.

17        Re-victimization and harm is particularly acute, and extends beyond mere embarrassment

18   and humiliation, when victims of sex crimes have their identities or other private information

19   revealed when they want it to remain private. As one Connecticut court summarized, "[t]o force

20   the plaintiff to proceed without the protection of the pseudonym Jane Doe could only subject the

21   plaintiff to additional psychological harm and emotional distress." Doe v. Firn, No.

22   CV065001087S, 2006 WL 2847885, at *5 (Conn. Super. Ct. Sept. 22, 2006). Refusing victims

23   the opportunity to access justice without sacrificing privacy is one form of re-victimization at the

24   hands of the justice process.

25        Moreover this suit is challenging the actions of local government. Pseudonyms are most

26   often permitted in cases where plaintiffs challenge the constitutionality of practices of state or

27   local officials. See Indiana Black Expo, 923 F. Supp. at 139 and 141.

28        Plaintiff files this motion for leave to proceed under a pseudonym and for the entry of a

2

1    protective order preventing public revelation of Plaintiff's identity and the attendant harm.

2

3                                    **ARGUMENT**

4    **I.   PLAINTIFF'S NEED FOR PRIVACY OUTWEIGHS THE PRESUMPTION OF**

5    **OPENNESS IN THIS CASE**

6         A.   The sensitive and personal nature of Plaintiff's claims justify allowing the protection

7              of her privacy.

8              The right to privacy is a constitutionally protected interest under the federal Constitution.

9    See Roe v. Wade, 410 U.S. 113, 152-53 (1973) (recognizing that "a right of personal privacy . . .

10   does exist under the Constitution"); Whalen v. Roe, 429 U.S. 589, 599 (1977) (noting cases

11   finding protected privacy interests include an "individual interest in avoiding disclosure of

12   personal matters"). This right to privacy encompasses a victim's interest in the non-disclosure of

13   personal information relating to a crime of a sexual nature. Bloch v. Ribar, 156 F.3d 673, 686 (6th

14   Cir. 1998) (concluding that "a rape victim has a fundamental right of privacy in preventing

15   government officials from gratuitously and unnecessarily releasing the intimate details of rape

16   where no penalogical purpose is being served") A corollary to the right of non-disclosure of

17   personal information is the right to non-disclosure of identifying information when disclosure of

18   private facts is necessary, such as in the prosecution of a civil suit. See generally Plaintiff B. v.

19   Francis, 631 F.3d 1310, 1316-18 (11th Cir. 2011) (finding trial court's order mandating disclosure

20   of victims' names in civil lawsuit involving their participation in the Girls Gone Wild videos to

21   be **in error** given the sensitive and highly personal nature of the issues in the suit).

22             This litigation involves matters of a highly sensitive and personal nature to Plaintiff,

23   including the emotional and psychological impact of being a victim of rape. See Doe No. 2 v.

24   Kolko, 242 F.R.D. 193, 194 (E.D.N.Y. 2006) (citing Doe v. Blue Cross & Blue Shield United of

25   Wisc., 112 F.3d 869, 872 (7th Cir.1997)) ("sexual assault victims are a paradigmatic example of

26   those entitled to a grant of anonymity"). "The ordeal of describing an unwanted sexual encounter

27   before persons with no more than a prurient interest in it aggravates the original injury." See

28   United States ex rel. Latimore v. Sielaff, 561 F.2d 691, 694-95 (7th Cir. 1977).

                                             3

1       Disclosure rarely results in "mere" embarrassment: commentators have recognized that

2  disclosure of information, without the victim's consent, in sexual assault cases can "slow the

3  victim's healing process . . . ." See also Suzanne M. Leone, Protecting Rape Victims' Identities:

4  Balance Between the Right to Privacy and the First Amendment, 27 New Eng. L. Rev. 883, 910-

5  11 (1993) ("Each victim has a unique healing process and the public disclosure of her identity

6  could disrupt that process before the victim is ready.").

7       In Doe v. Penzato et al CV10-5154 MEJ (N.D. Cal. May. 13, 2011), the court noted the

8  strong interest in protecting sexual assault victims' identities—to encourage them to report the

9  assaults without fear of being stigmatized as a sexual assault victim.

10      If Plaintiff's true name were made public, opening her to inquiries from the press and

11  other interested individuals, her ability to recover from her trauma would be compromised and

12  her privacy, already severely invaded by Defendants, would again be at greater risk.

13      B.  <u>Proceeding under a pseudonym is necessary to protect Plaintiff from unwanted public</u>

14          <u>exposure.</u>

15      Plaintiff's identity has thus far been kept confidential. The availability of Plaintiff's

16  identity could not only embarrass her as a rape victim, but also cause extra emotional harm, affect

17  job prospects, and more. Too often, sexual assault victims are put to this Hobson's choice: seek

18  justice but open one's life to public scrutiny or let injustices stand while preserving one's privacy.

19      It is possible that Plaintiff could be targeted for "retaliatory physical or mental harm"

20  based on the accusations alone. If Plaintiff's true name were made public, she will be subjected to

21  additional scrutiny, including from the media. In such circumstances, Plaintiff fears bringing

22  unwanted attention to herself. Allowing Plaintiff to proceed under a pseudonym will protect her

23  privacy as she attempts to rebuild her life.

24      C.  <u>The public interest is served by allowing Plaintiff to proceed under a pseudonym.</u>

25      There is a public interest in encouraging victims of sexual assault, such as Plaintiff, to

26  enforce their rights. Allowing Plaintiff to protect her privacy would encourage similar victims to

27  enforce their rights without fear of additional trauma and privacy violations.

28  **II. DEFENDANTS WILL SUFFER NO PREJUDICE BY ALLOWING PLAINTIFF**

4

1   TO PROCEED UNDER A PSEUDONYM

2       Defendants will not be prejudiced if Plaintiff is permitted to proceed under a pseudonym.

3   Plaintiff's identity is already known to Defendants. Thus, shielding her identity from the general

4   public would present no obstacle to Defendants' ability to mount a defense. See Roe v. St. Louis

5   Univ., Case No. 4:08CV1474, 2009 WL 910738, at *5 n.5 (E.D. Mo. Apr. 2, 2009) (allowing

6   plaintiff to proceed anonymously where defendant's ability to seek discovery and challenge

7   plaintiff's credibility was not impaired).

8      **III. PLAINTIFF'S BRINGING A CHALLENGE TO THE CONSTITUTIONALITY OF**

9   **LOCAL GOVERNMENT'S PRACTICE AND CUSTOMS SHOULD BE PERMITTED TO**

10   **PROCEED UNDER A PSEUDONYM**

11       The core issues being litigated – the violation of Plaintiff's constitutional rights – are of a

12   purely legal nature, rendering the public interest in Plaintiff's identity particularly weak. Plaintiff

13   is challenging the government, which will not be prejudiced should her identity be hidden. The

14   public interest would be served affirmatively by Plaintiff's moving forward to vindicate her

15   constitutional rights so the public interest weighs in favor of a grant of anonymity.

16       Litigants who challenge governmental activity have a strong interest in proceeding under

17   pseudonyms. Stegall, 653 F.2d at 185. This is because "[i]n such circumstances the plaintiff

18   presumably represents a minority interest (and may be subject to stigmatization), and there is

19   arguably a public interest in a vindication of his rights. In addition, the government is viewed as

20   having a less significant interest in protecting its reputation from damaging allegations than the

21   ordinary individual defendant."

22

23                         **CONCLUSION**

24       For the foregoing reasons, the balance of factors strongly favors permitting Plaintiff to

25   proceed under a pseudonym. Plaintiff respectfully requests the Court grant her request for the

26   entry of a protective order and to proceed under a pseudonym.

27

28      Dated:    3/31/2020

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM

Respectfully submitted.

_____

JANE DOE

Plaintiff in Pro Se

PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM