United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF CONCORD, et al.,<br><br>   Defendants. | Case No.  20-cv-02432-JD<br><br>**ORDER RE IFP APPLICATION AND MOTIONS**<br><br>Re: Dkt. Nos. 2, 5, 6, 7 |

Pro se plaintiff Jane Doe has filed an application to proceed in forma pauperis, as well as motions requesting permission for electronic case filing, appointment of counsel, and to proceed under a pseudonym.

The application to proceed in forma pauperis, Dkt. No. 2, is granted. The Clerk of Court will issue the summons. The U.S. Marshal for the Northern District of California will serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, and this order on defendants by U.S. mail.

Plaintiff requests permission to access the electronic case filing (ECF) system. Dkt. No. 5. Under General Order 72-2, plaintiff may currently access the ECF system without seeking permission. The request is terminated as moot, but must be renewed within 21 days of that provision of the general order being rescinded.

Plaintiff requests that the Court appoint counsel to represent her for all purposes. Dkt. No. 6. The request is denied. There is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). There is also no constitutional right to a court-appointed attorney in Section 1983 cases. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d

1349, 1353 (9th Cir. 1981)).  In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), *Palmer*, 560 F.3d at 970 (quotation omitted), but those circumstances are not present here.  Plaintiff is referred to the Pro Se Help Center, which is still making telephone appointments during the current public health emergency.  Plaintiff may schedule a telephone appointment by calling 415-782-8982 or by emailing FedPro@sfbar.org.

The request to proceed under a pseudonym, Dkt. No. 7, is granted on a preliminary basis.  Our federal courts have a strong tradition of transparent litigation.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (2000) (the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties'") (citations omitted).  The Court is consequently unwilling to permanently grant anonymity to the plaintiff at this stage of the case, when no defendant has been served or has appeared.

Plaintiff may proceed with the service of her complaint under a pseudonym.  If she wishes to maintain that status, she may renew her request in an administrative motion filed with notice to defendants, within 21 days of effectuating service.  The Court will then re-visit the matter after defendants have had an opportunity to respond to plaintiff's request.

**IT IS SO ORDERED.**

Dated: May 1, 2020

JAMES DONATO
United States District Judge