UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF CONCORD et al.,<br><br>   Defendants. | Case No. 20-cv-02432-JD<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR PSEUDONYMITY**<br><br>Re: Dkt. No. 27 |

Plaintiff has requested permission to proceed pseudonymously. Dkt. No. 27. The Court previously granted her the right to proceed under pseudonym on a temporary basis. Dkt. No. 9 at 2. Defendants oppose plaintiff's request. Dkt. Nos. 30, 32.

Doe has satisfied the controlling test in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). She credibly alleges that she could be subjected to retaliation if her true name is made public, Dkt. No. 27 at 3, and has shown that her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does*, 214 F.3d at 1068. Doe states that she needs anonymity because of the stigma that can attach to victims of sexual assault. Dkt. No. 27 at 2. Further, she says that public disclosure of her identity would "aggravate[] the original injury" she suffered. *Id.* (quoting *United States ex rel. Latimore v. Sielaff*, 561 F.2d 691, 694-95 (7th Cir. 1977)). She also says that defendants are not prejudiced by plaintiff's anonymity, as they already know plaintiff's true identity. *Id.* at 3.

Defendants do not seriously contest the absence of prejudice, and argue only that Doe has filed other lawsuits pseudonymously. Dkt. No. 30. This is true, and Doe listed in her reply brief all of the other actions she has filed pseudonymously. *See* Dkt. No. 31 at 3. This alone is far from enough to rebut Doe's contentions in favor of pseudonymous status, particularly in light of the fact that defendants have shown no prejudice.

Defendants' suggestion that Doe's true name should be revealed to the public as a serial filer of complaints alleging failures to adequately respond to sexual assault reports, Dkt. No. 30 at 3, is wholly unpersuasive. Contrary to defendants' contention, there is no obvious public interest in knowing her so-called "pattern and practice" of making such allegations and bringing such lawsuits. Defendants certainly do not cite any case law for that proposition. To the extent they wish to explore the allegations in those other cases, Doe has confirmed the case information -- information that defendants had already discovered by the time they filed their opposition.

Consequently, plaintiff's request is granted. Plaintiff is directed to continue to style her filings in the current "Jane Doe" format. Plaintiff's identity will not be disclosed to the general public. Plaintiff will be referred to as Jane Doe in all pleadings and other documents related to this litigation, as well as in any proceedings that may be held before the Court. Defendants and their attorneys will not disclose plaintiff's identity to any other person or entity except as may be necessary to defend against this action.

These measures are ordered without prejudice to a future request to disclose plaintiff's true name, or to the Court deciding that the case's circumstances no longer warrant them.

**IT IS SO ORDERED.**

Dated: September 15, 2020

JAMES DONATO
United States District Judge