1  DALE L. ALLEN, JR., State Bar No. 145279
   dallen@aghwlaw.com
2  KEVIN P. ALLEN, State Bar No. 252290
   kallen@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:     (415) 697-2000
5  Facsimile:     (415) 813-2045

6  Attorneys for Defendants
   CITY OF COTATI, BENNET KNIGHT, and BAUDELIA
7  GALLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CONCORD; CITY OF COTATI; COUNTY OF CONTRA COSTA; COUNTY OF SONOMA; GUY SWANGER; TAMRA ROBERTS; CODY HARRISON; RENELLE-REY VALEROS; DIANA BECTON; CHRISTOPHER WALPOLE; COLLEEN GLEASON; JILL RAVITCH; ANNE MASTERSON; LAURA PASSAGLIA; BENNET KNIGHT; BAUDELIA GALLO; and DOES 1-10, inclusive.<br><br>　　　　　Defendants. | Case No. 3:20-02432-JD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hon. James Donato<br><br>Date: December 10, 2020<br>Time: 10:00 a.m.<br>Location:   Courtroom 11, 19th Floor (via Zoom)<br><br>**[Court will decide whether to issue order based upon this Statement, or hold a CMC] (See G.O. 72-6]** |

　　　The parties to the above-entitled action jointly submit this Case Management Conference Statement.

///

///

CMC STATEMENT (12-10-20)

411988.1

### 1. **JURISDICTION AND SERVICE:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), in that Plaintiff's claims for relief arise under 42 U.S.C. §1983. All parties have been served, and no issues exist regarding personal jurisdiction.

Currently pending before the Court are Defendants' respective motions to dismiss.

### 2. **FACTS:**

#### a. **Brief Chronology of Facts:**

Plaintiff's Account

This lawsuit arises from the discriminatory practice of Defendants against female sexual assault victims. Defendants treat sexual assault cases with less urgency and importance than are afforded to other types of violent crimes. This practice of affording inadequate protection, or no protection at all, to women who have complained of sexual assault is tantamount to an administrative classification used to implement the law in a discriminatory fashion. As such, Plaintiff has been afforded less favorable terms and conditions than victims of other assaults/crimes, and continues to be afforded less favorable terms and conditions. Defendants intentionally provide unequal protection to sexual assault victims in the form of failing to respond with equal effort to sexual assault victims the same as Defendants do with victims of other crimes, including but not limited to conducting little to no investigation, acting contrary to normal procedure and substantive criteria, and giving distorted and false legal information to deter Plaintiff from pursuing her case. Defendants' actions or inactions, protocol and procedures, disproportionately affect female sexual assault victims generally and violated Plaintiff's equal protection rights and Victims' Bill of Rights. As a consequence, Plaintiff, as a female victim of sexual assault, obtained less protective resources of the state compared with victims of other assaults/crimes.

Defendants' Account

This lawsuit arises from sexual assault allegations(s) made by Plaintiff, and the Defendants' individual investigations and/or prosecution decisions regarding those allegation(s). To-wit: Plaintiff asserts bias; she asserts improper investigations and prosecution decisions.

Defendants deny such assertions.

For Plaintiff's detailed description of her account, please see the operative First Amended Complaint ("FAC").

    **b.** **Principal Factual Issues in Dispute:**

(1) The information provided by Plaintiff to Defendants;

(2) Defendants' conduct following Plaintiff's information;

(3) Defendants' interactions vis-à-vis Plaintiff; and

(4) The nature and extent of Plaintiff's incident-related injuries.

**3.** **Legal Issues**

Plaintiff's FAC alleges nine legal claims:

(1) Equal Protection under 42 U.S.C. § 1983 (first cause of action);

(2) Civil Conspiracy under 42 U.S.C. § 1983 (second cause of action);

(3) *Monell* liability under 42 U.S.C. § 1983 - (third cause of action);

(4) *Monell* liability under 42 U.S.C. § 1983 - (fourth cause of action);

(5) Article 1, Section 7 of the California Constitution (fifth cause of action);

(6) Article 1, Section 28(a)-(b) of the California Constitution (sixth cause of action)[1];

(7) Negligent Supervision/Discipline/Training/Retention (seventh cause of action);

(8) Intentional Infliction of Emotional Distress (eighth cause of action); and

(9) Civil Code section 51 (ninth cause of action).

Adjudication of Plaintiff's claims and Defendant's defenses will depend on the resolution of the following principal legal disputes, in addition to the factual disputes listed above:

(1) Whether the prosecutor-related defendants possess absolute immunity;

(2) Whether Plaintiff possesses standing;

(3) Whether entities may be held vicariously liable under 42 U.S.C. § 1983;

---

[1] *Id.* at ¶¶ 185-192.

(4) Whether the FAC sufficiently alleges equal protection and civil conspiracy;

(5) Whether the FAC adequately pleads *Monell* liability;

(6) Whether any public entity defendant possessed an unconstitutional custom, policy, or practice;

(7) Whether individual defendants possess qualified immunity to the federal claims; and

(8) Whether the state-law claims are barred by Government Code § 821.6.

This is a non-exhaustive list.

**4.     Motions:**

Currently pending before the Court are Defendants' respective Rule 12(b)(6) motion to dismiss the FAC.

Depending on discovery, Defendants may file a motion for summary judgment or, in the alternative, summary adjudication.

**5.     Amendment of Pleadings**:

None anticipated for Defendants.

**6.     Evidence Preservation:**

The parties have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

The parties agree to serve their Rule 26 Initial Disclosures no later than January 7, 2021.

**8.     Discovery**:

(1) No discovery to-date in this litigation (see related actions, below);

(2) The parties do not propose any limitations or modifications to the discovery rules;

(3) In addition to written discovery, the parties will take depositions and conduct expert discovery. They plan to offer expert testimony on the following subject matter(s): police practices. The parties may also offer expert testimony on other subject matters; and

(4) Defendants request a protective order. Such order benefits all parties, as it equally

safeguards both sides' confidential information.

**9. Class Actions:**

This case is not a class action.

**10. Related Cases**:

Sonoma County Superior Court, Case No. SCV-267189, *Jane Doe v. County of Sonoma. City of Cotati, and Sonoma State University* [Plaintiff's state-court writ action relief related to her California Public Records Act requests]

Contra Costa County Superior Court, Case No. N20-1440, *Jane Doe v. County of Contra Costa, City of Concord* [Plaintiff's state-court writ action relief related to her California Public Records Act requests]

**11. Relief**:

Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

**12. Settlement and ADR:**

The parties request referral to Magistrate Judge Beeler for a settlement conference.

**13. Consent to Magistrate Judge for All Purposes**:

One or more parties previously declined magistrate jurisdiction.

**14. Other References**:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**:

The parties are presently unaware of any issues that can be narrowed by agreement; nor suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts); or any request to bifurcate issues, claims, or defenses. They request that this issue be revisited at a further case management conference.

**16. Expedited Schedule**

The present matter is not the type of case that can be handled on an expedited basis with streamlined procedures.

///

**17.   Scheduling**:

The parties propose the following scheduling order:

<u>Plaintiff's Proposed Timeline</u>

Plaintiff proposed fact discovery cutoff of December 31, 2022, with the Court setting the other case-related deadlines off that date, per its usual calendaring timeframe. Plaintiff requests this amount of time for fact discovery because this case involves multiple law enforcement agencies and she does not have sufficient resources to efficiently conduct discovery. In Plaintiff's review, an impetuous discovery would significantly prejudice her.

<u>Defendants' Proposed Timeline</u>

| | |
|---|---|
| Join Other Parties/Amend the Pleadings: | January 14, 2021 |
| Fact Discovery Cut-off: | August 17, 2021 |
| Expert Disclosures: | August 31, 2021 |
| Rebuttal Expert Disclosures: | September 21, 2021 |
| Expert Discovery Cut-off: | October 12, 2021 |
| Dispositive/*Daubert* Filing Deadline: | December 14, 2021 |
| Pretrial Conference | April 21, 2022 |
| Trial (subject to Court's availability): | May 9, 2022 |

**18.   Trial**:

All parties demand a jury trial. A 5-7 day trial is estimated.

**19.   Disclosure of Non-party Interested Entities or Persons:**

None for Plaintiff or Defendants.  Each required party will file its Certification no later than December 31, 2020.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines.

///

///

///

///

**21.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

Respectfully submitted,

DATED: December 4, 2020     By: */s/ Jane Doe*
                            JANE DOE
                            Plaintiff

DATED: December 4, 2020     SHARON L. ANDERSON
                            COUNTY COUNSEL

                            By: */s/ Patrick L. Hurley*
                            PATRICK L. HURLEY
                            Deputy County Counsel
                            Attorneys for Defendants
                            COUNTY OF CONTRA COSTA, DIANA BECTON, CHRISTOPHER WALPOLE and COLLEEN GLEASON

DATED: December 4, 2020     SUSANNE BROWN
                            CITY ATTORNEY

                            By: */s/ Joshua K. Clendenin*
                            JOSHUA K. CLENDENIN
                            Attorneys for Defendants
                            CITY OF CONCORD, CODY HARRISON, TAMRA ROBERTS, GUY SWANGER and RENELLE-REY VALEROS

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

CMC STATEMENT (12-10-20)

411988.1

DATED: December 4, 2020

ROBERT H. PITTMAN
COUNTY COUNSEL


By: */s/ Michael A. King*
MICHAEL A. KING
Attorneys for Defendants
COUNTY OF SONOMA, ANNE MASTERSON,
LAURA PASSAGLIA and JILL RAVITCH


DATED: December 4, 2020

ALLEN GLAESSNER HAZELWOOD WERTH


By: */s/ Kevin P. Allen*
KEVIN P. ALLEN
Attorneys for Defendants
CIT OF COTATI, BENNET KNIGHT and
BAUDELIA GALLO

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

411988.1