UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>  Plaintiff,<br>  v.<br>CITY OF CONCORD, et al.,<br>  Defendants. | Case No. 20-cv-02432-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 34, 35, 36, 37 |

This is a civil rights case brought by pro se plaintiff Jane Doe against the City of Concord; City of Cotati; County of Contra Costa; County of Sonoma; and certain individuals from the Concord Police Department, Cotati Police Department, Contra Costa County District Attorney's Office, and Sonoma County District Attorney's Office. Doe has been authorized to proceed in this suit by pseudonym, Dkt. No. 33, and her first amended complaint is the operative complaint. Dkt. No. 26. The complaint alleges nine causes of action, with the four federal claims all brought under 42 U.S.C. § 1983 (and one also under § 1985). *Id*. at 30-37. Federal question jurisdiction is alleged in the complaint. *Id*. ¶ 23.

All defendants have moved to dismiss Doe's complaint. Dkt. Nos. 34, 35, 36, 37. The complaint is dismissed with leave to amend.

**DISCUSSION**

The parties' familiarity with the record is assumed. Defendants' motion to dismiss under Rule 12(b)(1) for plaintiff's lack of standing is denied. Defendants argue that "[t]o the extent the complaint is based on the failure by the Contra Costa Defendants to file criminal charges against E.W., the motion should be granted because plaintiff lacks standing to bring such a claim." Dkt. No. 34 at 3; Dkt. No. 36 at 4 (Concord Defendants' joinder in same argument). But as defendants tacitly acknowledge, Doe's claims are about more than just the defendants' failure to charge

Weamer, who allegedly raped Doe in 2013 and 2014. Dkt. No. 26 ¶¶ 60-65. Doe says that she was subjected to "discriminatory under-policing and selective under-enforcement against rape victims," *id*. ¶ 1, and that this violated her rights, chief among them her right to equal protection under the Fourteenth Amendment to the United States Constitution. Doe has sufficient standing under Article III of the Constitution to seek to vindicate the constitutional and legal rights alleged in her complaint.

The complaint falls short in other respects. To start, the first cause of action for "equal protection (42 U.S.C. § 1983)" is not adequately pleaded. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Doe says that she "does not have to be a member of a protected class" and instead suggests that she is a "class of one" under *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Dkt. No. 38 at 22-24.

This is problematic for several reasons. First, "[n]either [the circuit], nor the Supreme Court, have ever applied a 'class of one' theory in this context." *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009). The Court is not persuaded that this case should be the first to do that. Second, even under *Village of Willowbrook*, Doe has not alleged that she was treated differently from others similarly situated in a way that was "irrational and wholly arbitrary." 528 U.S. at 565. Rather, while she has alleged that "multiple law enforcement personnel spared no effort to discourage plaintiff from seeking justice tacitly by challenging plaintiff in a manner that conveys blame and disbelief, and by actively outlining the disadvantages of prosecution," Dkt. No. 26 ¶ 142, the complaint's factual allegations say that law enforcement personnel expressed to her concerns that "the case was six years old and there was no physical evidence." *Id*. ¶¶ 80; 117 ("Passaglia told plaintiff this case was fairly old" and "[w]e don't have any opportunity to do any investigation or find any corroboration."). Law enforcement personnel also expressed concern to Doe that a jury might believe she had consented to sex with Weamer. *Id*. ¶ 100. Doe has alleged that she met Weamer on an online dating app in November 2013. *Id*. ¶ 60. Doe states that he

"forced himself" on plaintiff "around ten times between 2013 and 2014," but she did not file her police reports with the Cotati and Concord Police Departments until October 18, 2019. *Id.* ¶¶ 62, 67.

Overall, Doe's factual allegations do not plausibly allege that she was discriminated against in an "irrational and wholly arbitrary" way. *Village of Willowbrook*, 528 U.S. at 565. The complaint also does not plausibly allege that there is no "rational relationship between disparity of treatment and some legitimate governmental purpose." *Nurre*, 580 F.3d at 1098 (quoting *Cent. State Univ. v. Am. Ass'n of Univ. Professors*, 526 U.S. 124, 127-28 (1999)). To the contrary, the alleged facts indicate that the reasons the law enforcement personnel gave for declining to prosecute Weamer, and taking no further action on Doe's case, were rational. Consequently, the first cause of action under § 1983 is dismissed for failure to state a claim under Rule 12(b)(6).

Without a plausibly alleged § 1983 claim, plaintiff's conspiracy claim under § 1985 and her municipal liability claims, counts two through four, must also be dismissed. *See Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) ("to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983"); *Nurre*, 580 F.3d at 1092 n.3 ("because there was no constitutional violation in this case -- a prerequisite for finding liability against either the superintendent or the school district -- we need not determine whether qualified immunity applies or municipal liability attaches"). As for plaintiff's state law claims, counts five through nine, because the Court has dismissed the federal claims, it declines to exercise supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

**CONCLUSION**

Plaintiff's first amended complaint is dismissed in its entirety. A pro se litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). The Court cannot so conclude at this juncture, and Doe may file a second amended complaint by August 20, 2021. The amended complaint may not add any new claims or

defendants without the Court's prior approval.  Failure to meet this deadline or otherwise conform to this order will result in dismissal under Rule 41(b).

For the motions discussed here, plaintiff filed a "combined brief in opposition to defendants' motions to dismiss" that exceeded 40 pages in length.  Dkt. No. 38.  The Court accepted this oversize brief on this one occasion, but going forward, parties must request extra pages in advance of the filing deadline, and oversized briefs that have not been pre-approved by the Court will be stricken.  The parties are advised that the Court's page limits are based on long experience and its confidence that they are more than enough for most motions.  Additional pages will rarely be granted.

**IT IS SO ORDERED.**

Dated: July 26, 2021

JAMES DONATO
United States District Judge