KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:	(415) 697-2000
Facsimile:	(415) 813-2045

Attorneys for Defendants
CITY OF COTATI, BENNETT KNIGHT, and
BAUDELIA GALLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CONCORD, et al.,<br><br>　　　　Defendants. | Case No. 3:20-cv-02432-JD<br><br>**DEFENDANT CITY OF COTATI, BENNETT KNIGHT, AND BAUDELIA GALLO'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (F.R.C.P. 12(B)(6))**<br><br>Hon. James Donato<br><br>Date: October 14, 2021<br>Time: 10:00 a.m.<br>Location:   Courtroom 11, 19th Floor |

Defendants CITY OF COTATI, BENNET KNIGHTT, and BAUDELIA GALLO ("Defendants") hereby submit this reply in support of their Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint ("SAC").

I.  **OBJECTIONS TO PLAINTIFF'S OPPOSITION**

Per Local Rule 7-3(c), "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." Defendants object to the following portions of Plaintiff's Opposition brief:

///

| Objected-To Material | Grounds for Objection |
|---|---|
| Reference to supervisory liability (Dkt. No. 56, 24:1-25:15) | This allegation appears nowhere in the SAC. Plaintiff's fourth cause of action does happen to be *Monell,* for failure to train/supervise/discipline, but supervisory liability is a separate and distinct of cause of action. *Starr v. Baca*, 652 F.3d 1202, 1207-1208 (9th Cir. 2011).<br><br>Introduction of new allegations in the Opposition is improper. See *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998) (new allegations contained in an opposition "are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis original) (internal citations omitted). |
| Alleged communications between Plaintiff and CPD Sgt. Gallo (Dkt. No. 56, 26:21-24) | These discrete allegations appear nowhere in the SAC. See *Schneider, supra*. |

Plaintiff's pro se status does not exempt her from the Rule of Civil Procedure, local rules, or court orders. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("[a]lthough pro se, he is expected to abide by the rules of the court in which he litigates."); *Calip v. Soc. Sec. Admin.*, 14-CV-02047-JD, 2014 WL 3421147 (N.D. Cal. July 14, 2014) ("[a]lthough the Court must construe pro se pleadings liberally, pro se litigants are still bound by the rules of procedure and the applicable local rules. See *Ghazali v. Moran*, 46 F. 3d 52, 54 (9th 1995)").

## II.    WAIVER

Defendants' moving papers briefed two issues never addressed in Plaintiffs' Opposition: no vicarious liability under 42 U.S.C. § 1983, and state-law immunity under Government Code § 821.6 (compare Dkt. No. 50, 7:15-23, 9:26-10:11 to Dkt. No. 56).

Under Ninth Circuit precedent, Plaintiff's failure to oppose these discrete points waives them. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) ("a plaintiff has abandoned . . . claims

by not raising them in opposition to [the defendant's] motion for summary judgment.") (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (internal quotations omitted). Although *Shakur* concerned a motion for summary judgment -- not a motion to dismiss -- the principle remains the same. Fellow District Courts in the Northern District have adopted the abandonment principle in the context of Rule 12 motions to dismiss. E.g., *Green Desert Oil Group v. BP W. Coast Products*, 2012 WL 555045, at *2 (N.D. Cal. Feb. 21, 2012); *In re Hulu Privacy Litig.*, 2012 WL 2119193, at *3 (N.D. Cal. June 11, 2012); *Smith v. Harrington*, 2013 WL 132465, at *10-11 (N.D. Cal. Jan. 9, 2013); and *Digby Adler Grp., LLC v. Mercedes-Benz U.S.A., LLC*, No. 14-CV-02349-TEH, 2015 WL 5138080, at *5 (N.D. Cal. Sept. 1, 2015).

The *Lepp* Court dismissed the claims with prejudice (as did the courts in *Green Desert Oil Group*; *Smith*; and *Digby Adler*). "In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice." *Homsy v. Bank of Am., N.A.*, No. C 13-01608 LB, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013) (citation omitted). See also *Lee v. Retail Store Employee Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017): "[t]he Court denies leave to amend because Plaintiffs' failure to even argue the issue in their opposition indicates a waiver of this claim.") Defendants here are likewise entitled to dismissal with prejudice.

## III.   ARGUMENT

### A.   Insufficient Allegations regarding Equal Protection and Civil Conspiracy

Defendants hereby join in, and adopt and incorporate by reference, the arguments made at Dkt. No. 57, 6:19-10:15 and 13:16-26 (the reply filed by the Contra Costa County defendants).

Plaintiff's civil conspiracy allegation fails because it contains no underlying facts – just the rank assertion of conspiracy.

Plaintiff's equal protection claim fails because it's premised upon her disagreement with how CPD carried out her investigation. Disagreement over criminal investigatory tactics is not intentional differential treatment (and none of the cases cited by Plaintiff stand for this proposition). Plaintiff omits the solemnity with which Cotati police handled her case. Her report was taken, the investigating officer met and/or spoke with her twice, and the Department did

attempt to interview Mr. Weamer. There is no allegation CPD brushed-off her allegations, made light of them, or demeaned her account.

### B. Inadequate *Monell* Allegation

Defendants hereby join in, and adopt and incorporate by reference, the arguments made at Dkt. No. 57, 12:6-13:15.

Plaintiff's *Monell* claim continues to be premised upon a single incident (hers) and speculation about the City's policies, training, and handling of sexual assault matters. The SAC does not discuss one concrete fact about how CPD addresses such cases, let alone a pattern or practice of unconstitutional behavior.

### C. Various State-Law Claims Fail as a Matter of Law

Defendants hereby join in, and adopt and incorporate by reference, the argument made at Dkt. No. 57, 14:1-17. The SAC also contains no facts that Gallo or Knight were unfit upon hire or that they were improperly trained.

### D. IIED Inadequately Pled

Plaintiff's Opposition does not change the fundamental facts of the SAC: CPD personnel *did* investigate her claim. They did take her report, meet with her, and attempt to speak with Mr. Weamer. Defendants appreciate that Plaintiff wishes things turned out differently; that Weamer had been prosecuted and convicted. But disappointment over the outcome of a criminal case is not IIED. CPD personnel treated Plaintiff with respect and care.

### E. Unruh Civil Rights Act Insufficiently Pled

Defendants hereby join in, and adopt and incorporate by reference, the arguments made at Dkt. No. 57, 14:21-22, regarding the Unruh Civil Rights Act.

### F. No Injunctive or Declaratory Relief

Defendants hereby join in, and adopt and incorporate by reference, the arguments made at Dkt. No. 57, 14:23-15:20, regarding injunctive and declaratory relief.

///

///

///

## IV. CONCLUSION

Defendants seek an order in their favor and against Plaintiff pursuant to Federal Rules of Civil Procedure 12(b)(6), dismissing all above-referenced portions in Plaintiff's SAC.

Dated: September 16, 2021

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
KEVIN P. ALLEN
JOHN B. ROBINSON
Attorneys for Defendants
CITY OF COTATI, BENNETT KNIGHT, and BAUDELIA GALLO