**SUSANNE MEYER BROWN**, City Attorney
California Bar No. 191209
**JOSHUA K. CLENDENIN**, Senior Assistant City Attorney
California Bar No. 245564
Concord City Attorney's Office
1950 Parkside Drive, MS/08
Concord, CA  94519
(925) 671-3160
(925) 671-3469 (fax)

ATTORNEYS FOR DEFENDANTS
CITY OF CONCORD, GUY SWANGER,
TAMRA ROBERTS, CODY HARRISON,
and RENELLE-REY VALEROS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CONCORD; CITY OF COTATI; COUNTY OF CONTRA COSTA; COUNTY OF SONOMA; GUY SWANGER; TAMRA ROBERTS; CODY HARRISON; RENELLE-REY VALEROS; DIANA BECTON; CHRISTOPHER WALPOLE; COLLEEN GLEASON; JILL RAVITCH; ANNE MASTERSON; LAURA PASSAGLIA; BENNET KNIGHT; BAUDELIA GALLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 20-cv-02432-JD<br><br>**DEFENDANTS CITY OF CONCORD, GUY SWANGER, TAMRA ROBERTS, CODY HARRISON, AND RENELLE-REY VALEROS' REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:   October 14, 2021<br>Time:   10:00 AM<br>Dept.:  Courtroom 11, 19th Floor<br><br>Judge:  District Judge James Donato |

Defendants CITY OF CONCORD, GUY SWANGER, TAMRA ROBERTS, CODY HARRISON, and RENELLE-REY VALEROS (collectively the Concord Defendants) submit this Reply to Plaintiff JANE DOE's opposition to their Motion to Dismiss the Second Amended Complaint ("SAC"). Neither plaintiff's SAC nor her opposition to defendants' motions to dismiss the SAC adequately address that she has failed to allege that (1) defendants "acted with an intent or purpose to discriminate against plaintiff based upon her membership in a protected class", or (2) defendants' treatment of her was "irrational and wholly arbitrary." Dkt. 45, pp. 2-3.

## I. Plaintiff Has Not Adequately Alleged an Equal Protection Violation

The Concord Defendants join in and incorporate by reference the argument in the Contra Costa Defendants' reply to Plaintiff's opposition to motion to dismiss. Dkt. 57, 1:19-5:15.

Plaintiff's SAC does not plead "enough facts to state a claim for relief that is plausible upon its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's equal protection allegations against the Concord Defendants must fail because those defendants investigated Plaintiff's rape allegations and sent the case to the Contra Costa County District Attorney's Office for review for the filing of possible criminal charges. SAC, ¶ 98. There are no allegations to plausibly suggest that the Concord Defendants treated her case any differently because she was an alleged victim of a sexual assault. In fact, there are no allegations regarding any other investigations of the Concord Police Department, nor are there any allegations that any officer harbored any personal animus towards her. That Plaintiff disagrees with how the officers conducted their investigation is insufficient to show that the Concord Defendants violated her equal protection rights.

## II. The Monell Claims Are Not Adequately Pled

The Concord Defendants join in and incorporate by reference the argument in the Contra Costa Defendants' reply to plaintiff's opposition to motion to dismiss. Dkt. 57, 7:6-8:15.

Regarding plaintiff's allegations against the Concord Defendants, the SAC does not adequately allege or identify a specific policy or custom of the City of Concord, any specific regulations, or any officially adopted or promulgated decisions, the execution of which allegedly led to the infliction of the alleged injuries.

//

**III.     The SAC Fails to Allege Facts to State a Claim for Civil Conspiracy**

The Concord Defendants join in and incorporate by reference the argument in the Contra Costa Defendants' reply to Plaintiff's opposition to motion to dismiss. Dkt. 57, 8:16-26.

**IV.     Plaintiff's Remaining Claims Fail as a Matter of Law or Are Not Adequately Alleged**

The Concord Defendants join in and incorporate by reference the argument in the Contra Costa Defendants' reply to Plaintiff's opposition to motion to dismiss. Dkt. 57, 9:1-10:20.

**V.      Concord Defendants Are Immune from Liability for Plaintiff's State Law Causes of Action**

Plaintiff's opposition fails to address the Concord Defendants' argument that they are immune from liability for Plaintiff's California state law causes of action pursuant to Government Code Sections 821.6 and 815.2. Plaintiff has conceded that the Concord Defendants are immune, and her state law causes of action should be dismissed without leave to amend accordingly. *See, e.g., Castillo v. City of Watsonville*, 2020 WL 5798237, *6 (N.D. Cal. September 29, 2020) (stating the general rule that "[i]n instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.")

**VI.     Plaintiff Cannot State a Claim Based on a Right to an Investigation**

Plaintiff's opposition fails to address the Concord Defendants' argument that Plaintiff cannot state a claim based on a right to an investigation. Plaintiff has conceded this argument, and her SAC should be dismissed to the extent it is based on a failure to investigate. *See, e.g., Castillo*, 2020 WL 5798237 at *6.

//
//
//
//
//
//
//
//

## VII. Conclusion

For the reasons set forth above, defendants CITY OF CONCORD, GUY SWANGER, TAMRA ROBERTS, CODY HARRISON, and RENELLE-REY VALEROS respectfully submit that their motion to dismiss should be granted.

SUSANNE MEYER BROWN, City Attorney

Date: September 16, 2021      By:      /s/
Joshua K. Clendenin, Senior Assistant City Attorney
Attorneys for Defendants CITY OF CONCORD, GUY SWANGER, TAMRA ROBERTS, CODY HARRISON, and RENELLE-REY VALEROS