UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CONCORD, et al.,<br><br>　　　　　　Defendants. | Case No. 20-cv-02432-JD<br><br>**ORDER RE MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 47, 48, 49, 50 |

After the dismissal of the first amended complaint with leave to amend, Dkt. No. 45, pro se plaintiff Jane Doe filed a second amended complaint against the City of Concord; City of Cotati; County of Contra Costa; County of Sonoma; and individuals in the Concord Police Department, Cotati Police Department, Contra Costa County District Attorney's Office, and Sonoma County District Attorney's Office. Dkt. No. 46 (SAC). Overall, very little has changed in Doe's presentation of her claims, and defendants have moved to dismiss the SAC. Dkt. Nos. 47, 48, 49, 59.

Dismissal is warranted. The SAC does not state a plausible equal protection claim against defendants. Because Doe has had several opportunities to present a plausible claim, the complaint is dismissed without leave to amend.

**DISCUSSION**

The parties' familiarity with the record is assumed. The Court previously found that the first cause of action for "equal protection (42 U.S.C. § 1983)" was not adequately pleaded because Doe did not, among other things, "allege[] that she was treated differently from others similarly situated in a way that was 'irrational and wholly arbitrary.'" Dkt. No. 46 at 2 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000)).

The new allegations that Doe provided in the SAC simply underscored her inability to plead a plausible equal protection claim. In new paragraphs 141-147, Doe says that she was told her rape case would not be pursued because it was "six years old," despite the fact that "Andrea Constand was sexually assaulted by Bill Cosby in 2003 and Cosby was charged in 2015 and found guilty on April 26, 2018." SAC ¶ 142. Doe adds that "defendants would not use being old as a reason to drop homicide cases," stating that "Robert Alan Durst was brought to trial on March 2, 2020 for the death of Susan Berman who was killed in Los Angeles in 2000." *Id*. Doe disputes "defendants' assertion" that her case could not be pursued because "there was no opportunity to interview any witnesses and talk to people in real time," when, "[f]or example the Cody Baca case" was "recently prosecuted" with "no eyewitness other than the male complaining witness." *Id*. ¶ 144. Doe further alleges elsewhere in the SAC that the Contra Costa District Attorney's Office "filed charges against Cody Baca because the victim of sexual assault is male and male victims get better protection." *Id*. ¶ 110.

Even construing the SAC generously in favor of a pro se plaintiff, none of this plausibly alleges an equal protection claim. As our circuit has determined:

> To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. The first step in equal protection analysis is to identify the defendants' asserted classification of groups. The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified.

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal citations omitted, and cleaned up). Doe alleges that (1) as a rape victim, she was treated differently from "victim[s] of other crimes," *id*. ¶ 75; (2) as a female rape victim, she was treated less favorably than male rape victims, *id*. ¶ 110; and (3) as a rape victim who was told her case could not be prosecuted because it was too old, she was treated differently from other (a) rape victims and (b) non-rape victims whose old cases were nevertheless prosecuted years later, *id*. ¶ 142. In essence, Doe is "conflating all persons not injured into a preferred class receiving better treatment" than her. *Thornton*, 425 F.3d at 1167. An equal protection claim "will not lie" on these facts. *Id*.

1   Doe's "class of one" theory is no more persuasive now than it was the last time around.

2   *See* Dkt. No. 56 at 9-10. As the Supreme Court has clarified with respect to *Village of*

3   *Willowbrook v. Olech*, which was the basis of the prior dismissal of Doe's complaint:

> In *Olech*, a property owner had asked the village of Willowbrook to connect her property to the municipal water supply. Although the village had required only a 15-foot easement from other property owners seeking access to the water supply, the village conditioned Olech's connection on a grant of a 33-foot easement. Olech sued the village, claiming that the village's requirement of an easement 18 feet longer than the norm violated the Equal Protection Clause. Although Olech had not alleged that the village had discriminated against her based on membership in an identifiable class, we held that her complaint stated a valid claim under the Equal Protection Clause because it alleged that she had "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

11  *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601-02 (2008) (citations omitted).

12  *Engquist* also stated that "[w]hat seems to have been significant in *Olech* and the cases on which it

13  relied was the existence of a clear standard against which departures, even for a single plaintiff,

14  could be readily assessed. There was no indication in *Olech* that the zoning board was exercising

15  discretionary authority based on subjective, individualized determinations." *Id*. at 602.

16  In contrast here, Doe has not identified the existence of any clear standards against which

17  the treatment of her case by defendants could be measured. That she has pointed to so many other

18  types of cases that were treated differently from hers is further evidence of that point. This is

19  instead a case where the "forms of state action" challenged by Doe "by their nature involve

20  discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Id*.

21  at 603. In such a case, allowing Doe to challenge the way her individual case was handled under a

22  "class of one" theory is a poor fit. The Court remains unpersuaded that it should be the first to

23  apply it in this novel and ill-suited context. *See* Dkt. No. 4 at 2 (citing *Nurre v. Whitehead*, 580

24  F.3d 1087, 1098 (9th Cir. 2009)).

25  Consequently, while there "is a constitutional right . . . to have police services

26  administered in a nondiscriminatory manner," an "equal protection violation occurs when the

27  government treats someone differently from another who is similarly situated." *Estate of Macias*

28  *v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) (citations omitted, and cleaned up). Doe did not

plausibly allege that that happened here. She has stated only that her case was not satisfactorily investigated and pursued, when others' were. While Doe's allegations of rape are serious and troubling, the Court is unable to find that she has stated a cognizable equal protection claim against the defendants she has named in this case. Doe's first cause of action is dismissed on that basis.

Without a viable § 1983 claim, the conspiracy claim under § 1985 and the municipal liability claims, counts two through four, must also be dismissed. *See Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) ("to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983"); *Nurre*, 580 F.3d at 1092 n.3 ("because there was no constitutional violation in this case -- a prerequisite for finding liability against either the superintendent or the school district -- we need not determine whether qualified immunity applies or municipal liability attaches"). For plaintiff's state law claims, counts five through nine, because the Court has dismissed the federal claims, it declines to exercise supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

## CONCLUSION

Plaintiff's second amended complaint is dismissed in its entirety. Doe has now had three opportunities to state a plausible claim. She did not succeed, and nothing in her opposition brief or the record as a whole indicates that she would fare any better in another try. In fact, Doe did not even make any request for a further opportunity to amend. Dkt. No. 56. A further opportunity to amend is consequently declined. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Counts one through four are consequently dismissed with prejudice; and Doe's state law claims, counts five through nine, are dismissed without prejudice. The case is closed.

**IT IS SO ORDERED.**

Dated: March 14, 2022

JAMES DONATO
United States District Judge