UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

          Plaintiff,

    v.

CITY OF CONCORD, et al.,

          Defendants.

Case No. 20-cv-02432-JD

**ORDER REVOKING PLAINTIFF'S
IN FORMA PAUPERIS STATUS**

In Jane Doe's pending appeal, the Ninth Circuit made a limited referral back to this Court to determine whether a prior grant of in forma pauperis status should continue, or whether the appeal is frivolous or taken in bad faith.  Dkt. No. 65.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).  Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  The party must attach an affidavit that (1) shows in detail "the party's inability to pay or to give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1).  But even if a party provides proof of indigence, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   The appeal is frivolous.  Despite amending her complaint twice, pro se plaintiff Jane Doe

2   was unable to state a plausible equal protection claim against defendants the City of Concord; City

3   of Cotati; County of Contra Costa; County of Sonoma; and individuals in the Concord Police

4   Department, Cotati Police Department, Contra Costa County District Attorney's Office, and

5   Sonoma County District Attorney's Office.  Doe alleged that (1) as a rape victim, she was treated

6   differently from "victim[s] of other crimes" when she was asked about her "goal to come forward"

7   in reporting a rape that had happened five years prior, Dkt. No. 46 (SAC) ¶¶ 75, 77; (2) as a

8   female rape victim, she was treated less favorably than male rape victims whose cases were

9   prosecuted "even though there was no eyewitness other than the complaining witness," *id*. ¶ 110;

10  and (3) as a rape victim who was told her case could not be prosecuted because it was too old, she

11  was treated differently from other (a) rape victims and (b) non-rape victims whose old cases were

12  nevertheless prosecuted many years later, *id*. ¶ 142.  In essence, Doe's allegations "conflat[e] all

13  persons not injured into a preferred class receiving better treatment" than her, *Thornton v. City of*

14  *St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005), which is not an adequate basis for pleading an

15  equal protection claim.  Doe's "class of one" equal protection theory is also deficient as a matter

16  of law where, unlike the circumstances in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000),

17  Doe has failed to identify the existence of any clear standards against which the treatment of her

18  case by defendants could be measured.  *See Engquist v. Oregon Dept. of Agriculture*, 553 U.S.

19  591, 601-02 (2008) (citations omitted).

20  Without a viable 42 U.S.C. § 1983 claim, Doe's conspiracy claim under § 1985 and the

21  municipal liability claims, counts two through four, are also not viable.  *See Olsen v. Idaho State*

22  *Board of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004); *Nurre v. Whitehead*, 580 F.3d 1087, 1092

23  n.3 (9th Cir. 2009).  And with no federal claim left at this early stage of the case, it is appropriate

24  to decline supplemental jurisdiction over the state claims.  28 U.S.C. § 1367(c)(3); *Parra v.*

25  *PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

26  //

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Plaintiff's action has no arguable basis in fact or law, and her in forma pauperis status is consequently revoked.  The Clerk is requested to forward this order to the Ninth Circuit in Case No. 22-15384.

**IT IS SO ORDERED.**

Dated:  May 13, 2022

_____

JAMES DONATO
United States District Judge