**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>CITY OF CONCORD; et al.,<br><br>        Defendants-Appellees. | No.   22-15384<br><br>D.C. No. 3:20-cv-02432-JD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted January 5, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Pro se Plaintiff Jane Doe filed a civil rights case against the City of Concord, City of Cotati, County of Contra Costa, County of Sonoma, and individuals in the Concord Police Department, Cotati Police Department, Contra Costa County District Attorney's Office, and Sonoma County District Attorney's Office

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(collectively, "Defendants"). Plaintiff's operative second amended complaint asserts, among other things, a 42 U.S.C. § 1983 claim, alleging that Defendants violated the Equal Protection Clause when they treated her investigation differently from other criminal investigations. The district court dismissed the equal protection claim and the remaining federal claims, which all depended on the success of the equal protection claim. The court declined to exercise supplemental jurisdiction over the state law claims and declined to give Plaintiff a third opportunity to amend her complaint. Plaintiff challenges the district court's dismissal of her equal protection claim and denial of leave to amend. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review de novo the district court's dismissal, taking all material factual allegations as true and construing them in Plaintiff's favor. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). But we are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

To state an equal protection claim, Plaintiff must first show differential treatment (a "discriminatory effect"). *See Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007). "To establish a discriminatory effect, the claimant must show that similarly situated individuals were [treated

differently]." *Id.* at 1153 (alterations omitted) (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that Defendants investigated allegations of rape against female sexual assault victims differently from allegations of all other crimes, including allegations of sexual assaults against male victims.[1] In support of her claim, she mostly relies on these non-conclusory allegations: (1) Defendants lack any sexual assault training and written policies for rape prosecutions; (2) Defendants made comments questioning the strength of her evidence and determined that there was insufficient evidence to pursue her case; (3) statistics show that California's and Defendants' rates of arrest and prosecution for rape cases are lower than for other crimes; (4) in 2015, Contra Costa County had 2,400 untested rape kits from female victims; and (5) in 2018, Defendants filed rape

---

[1] The district court construed Plaintiff's complaint as asserting a "class of one" theory based on her specific circumstances, including being a female rape victim whose case was declined for prosecution due to its age. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("The 'class of one' theory . . . is unusual because the plaintiff in a 'class of one' case does not allege that the defendants discriminate against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily."). Plaintiff, however, has clarified on appeal that she is not pursuing a "class of one" theory and that her equal protection claim is instead based on discrimination against her group of "female rape victims" or "female sexual assault victims."

charges in a case involving a male victim.

These allegations fail to plausibly allege an equal protection violation, as they do not show that Defendants treat investigations involving female sexual assault victims differently from all other criminal investigations, including those involving sexual assaults against males.² Defendants' alleged lack of policies or training for sexual assaults and the statistical allegations do not differentiate between male and female victims, so no inference can be drawn from these allegations that female victims are treated differently from male victims. Defendants' remarks about the weakness of *Plaintiff's* evidence and their decision not to pursue *her* case fail to show that the same or similar conduct would not occur in other criminal investigations presenting similar circumstances. While she points to one example in which Defendants pursued a sexual assault case involving a male victim, Plaintiff admits that case was different from hers because the male victim reported the crime right after it occurred. Finally, the number of untested rape kits from women, by itself, does not raise an inference that Defendants treat female sexual assault victims differently from all other crime victims.

For these reasons, the district court properly dismissed the equal protection claim.

---

² We note that we reached a similar conclusion in a similar case filed by Plaintiff. *O. L. v. Jara*, No. 21-55740, 2022 WL 1499656, at *2, *3 n.1 (9th Cir. May 12, 2022), *cert. denied,* 143 S. Ct. 227 (2022).

2.	We review for abuse of discretion the denial of leave to amend. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). The district court denied leave to amend because Plaintiff had three opportunities to state a plausible claim, and she made no request to amend again.³ The district court did not abuse its discretion, as "[l]eave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment." *Id.* We also note that, although Plaintiff says in her briefs that she could plead additional facts to cure the deficiency, she provides no specifics to support that conclusory statement.

**AFFIRMED.**

---

³ Plaintiff filed an initial complaint and Defendants moved to dismiss. In response, she filed a first amended complaint, and Defendants moved to dismiss that complaint. The district dismissed the first amended complaint because Plaintiff had failed to allege a plausible equal protection claim, but it granted her leave to amend. Plaintiff then filed the operative second amended complaint.